KOLLER LAW LLC  
David M. Koller, Esq. (037082002)  *Attorney for Plaintiff*
2043 Locust Street, Suite 1B  
Philadelphia, PA 19103  
T: (215) 545-8917  
F: (215) 575-0826  

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSE GALICIA** <br> **7530 Sherwood Road** <br> **Philadelphia, PA 19151** <br> *Plaintiff,* <br><br> v. <br><br> **AMOROSO'S BAKING COMPANY** <br> **151 Benigno Boulevard** <br> **Bellmawr, New Jersey 08031** <br> *Defendant.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. <br><br><br><br><br> Complaint and Jury Demand |

## CIVIL ACTION

Plaintiff, Jose Galicia (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Amoroso's Baking Company (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Amoroso's Baking Company is a bakery that is located at the above captioned address.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning

Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the

Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned a Charge Number and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on October 13, 2016.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Defendant hired Plaintiff in 1986.

21. Plaintiff's position was Utility Worker.

3

22. Plaintiff was well qualified for his position and performed well.

23. Over the course of Plaintiff's employment, Defendant promoted him to various positions.

24. In or around 2000, Defendant promoted Plaintiff to Foreman.

25. Plaintiff was well qualified for his position and performed well.

26. In or around August 2015, Defendant announced that they were moving from the Southwest Philadelphia location located at 845 South 55th Street, Philadelphia, PA 19143 to their current location in November 2015.

27. Plaintiff accepted a position as Foreman in Defendant's new location.

28. On Plaintiff's first day at Defendant's new location in November 2015, there was an overflow of bread that had to be moved.

29. Because Defendant's location is loud, Plaintiff was forced to speak loudly to his subordinates so they could hear him.

30. The following day, Plaintiff received a call from an agent of Defendant notifying him that he was terminated for yelling the night before.

31. Plaintiff informed Defendant's agent that he was forced to speak loudly because Defendant's location is loud and that he had not been yelling.

32. The next day, Plaintiff met with Danny Amoroso Sr., Owner, and Lenny Amoroso, President at Defendant's Philadelphia location and asked why he had been terminated.

33. Mr. Amoroso Sr. informed Plaintiff that it was because he had been yelling.

34. When Plaintiff denied that he had been yelling, Lenny Amoroso, President, told him a different reason for Plaintiff's termination: that his residence card was not valid for employment.

35. Plaintiff's residence card is valid for employment and has been for the 29 years that Plaintiff was employed by Defendant.

36. Defendant had just recently previously confirmed that Plaintiff's residence card was valid when they offered him a position at its new Southern New Jersey location.

37. There were no changes to Plaintiff's residence card during his employment with Defendant.

38. Defendant's reason for terminating Plaintiff is pretext.

39. It is Plaintiff's position that Defendant discriminated against Plaintiff due to his age and terminated him due to his age in violation of the Age Discrimination in Employment Act ("ADEA").

### COUNT I – AGE DISCRIMINATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

40. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

41. Plaintiff was born on August 8, 1965.

42. Plaintiff was qualified to perform the job.

43. Defendant terminated Plaintiff.

44. Defendant replaced Plaintiff with an individual younger than Plaintiff.

45. Defendant treated younger employees more favorably than Plaintiff.

46. Defendant has no legitimate non-discriminatory reason for its actions.

47. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff was born on August 8, 1965.

50. Plaintiff was qualified to perform the job.

51. Defendant terminated Plaintiff.

52. Defendant replaced Plaintiff with an individual younger than Plaintiff.

53. Defendant treated younger employees more favorably than Plaintiff.

54. Defendant has no legitimate non-discriminatory reason for its actions.

55. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jose Galicia, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) [illegible]

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

6

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: January 13, 2017      By: _____
David M. Koller, Esquire
Attorney ID No. 037082002
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917

*Counsel for Plaintiff*

8